# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2504 | **DATE** | 3/9/2011 |
| **CASE TITLE** | Henrietta M. Jakstavich vs. Chicago Title Insurance Company, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, individual defendants Gus Abello and Jennifer Hahn-Zingre's "Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint Against the Individual Defendants" [37] is granted. Gus Abello and Jennifer Hahn-Zingre are dismissed with prejudice as defendants in this lawsuit.

■[ For further details see text below.]                    Notices mailed.

## STATEMENT

In her Amended Complaint, plaintiff Henrietta Jakstavich ("Jakstavich") alleges that her former employers, Chicago Title Insurance Company, Chicago Title and Trust Company, Fidelity National Title Group, Inc., and Fidelity National Financial, Inc., and her former supervisors, Gus Abello ("Abello") and Jennifer Hahn-Zingre ("Hahn-Zingre"), willfully discriminated against her in violation of the Age Discrimination in Employment Act of 1976, 29 U.S.C. § 621, *et seq.* ("ADEA"). (Dkt. No. 21 ("Am. Compl.") ¶¶ 1, 6-11.)

Abello and Hahn-Zingre (together the "Individual Defendants") have filed a motion to dismiss Jakstavich's claims under Federal Rule of Civil Procedure 12(b)(6), on the grounds that "the Individual Defendants are not 'employers' as that term is defined under the [ADEA] and . . . there is no individual liability under the ADEA." (Dkt. No. 37.)

Although the Individual Defendants concede that "the Seventh Circuit has not yet had occasion to directly rule on this issue" (Dkt. No. 38 at 3), they invite the court to consider the Seventh Circuit's strong dicta suggesting "there is no individual liability under the ADEA." *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610, n.2 (7th Cir. 2001).

This dicta first began appearing in 1995, after the Seventh Circuit held that "individuals who do not independently meet the [Americans with Disabilities Act's ("ADA")] definition of 'employer' cannot be held liable under the ADA." *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995). In its analysis of the ADA's relevant language, the Seventh Circuit noted,

> The ADA's definition of 'employer' mirrors the definitions of 'employer' in Title VII of the Civil Rights Act of 1964 and in the [ADEA]. Courts routinely apply arguments regarding individual liability to all three statutes interchangeably. Therefore, we will use other court's interpretations of Title VII and the ADEA to help us in our decision.

*Id.* at 1279-80 (citations omitted). Looking at the "structure" of the ADA, Title VII, and the ADEA, the Seventh Circuit concluded "that Congress did not contemplate individual liability when it originally passed the relevant statutes." *Id.* at 1281. In a footnote, the Seventh Circuit emphasized that "[its] holding only applies directly to the ADA, though it obviously affects the resolution of the very similar questions under Title VII and the ADEA." *Id.* at 1282, n.10.

Later cases that same year noted in dicta that "[t]he same principle" prohibiting individual liability in ADA cases applies to claims against individuals under the ADEA. *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52, n.2 (7th Cir. 1995); *see also Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267, n.2 (7th Cir. 1995) ("Because the relevant language in the ADA and ADEA are identical, it is likely that [defendant], as an individual, could not be liable under the ADEA."). Applying *AIC Security*'s holding to claims brought under Title VII, the Seventh Circuit noted, "unless the definition of 'employer' in Title VII is meaningfully distinguishable from that in the ADA, our reasoning in *AIC Security* dictates the disposition of the case at bar." *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995).

The Individual Defendants cite to *AIC Security* in arguing that the definition of "employer" under the ADEA mirrors the definition of "employer" under the ADA. (Dkt. No. 38 at 3-4.) Jakstavich does not attempt to rebut this assertion. While it is true that "the Court of Appeals was careful to emphasize [in *AIC Security*] that its holding only applied directly to the Americans with Disabilities Act" (Dkt. No. 43 at 6), it is also true that the court's *reasoning* in *AIC Security* is equally applicable to claims brought under the ADEA.

To the extent Jakstavich replies on *Price v. Marshall Erdman & Assoc. Inc.*, 966 F.2d 320 (7th Cir. 1992), and *Shager v. Upjohn Co.*, 913 F.2d 398 (7th Cir. 1990), in support of her argument in favor of individual liability under the ADEA, the court finds these opinions to be unpersuasive. In *AIC Security*, the Seventh Circuit acknowledged that the earlier cases of *Price* and *Shager* had both implied that individual liability could be appropriate under the ADEA, but the court distinguished these cases by noting "we have never been obliged to address [the issue of individual liability] directly." *AIC Security*, 55 F.3d at 1280, n.3. This court also declines Jakstavich's invitation to rely on other pre-*AIC Security* cases that found individual liability to be appropriate under the ADEA. *See Matthews v. Rollins Hudig Hall Co.*, 874 F. Supp. 192 (N.D. Ill. 1995); *Koenig v. Bd. of Educ.*, No. 93-2568, 1993 WL 532472 (N.D. Ill. Dec. 21, 1993).

In light of the analysis set forth above, the court finds as a matter of law that Jakstavich has failed to state a claim for which relief can be granted under the ADEA against the Individual Defendants. Accordingly, the Individual Defendants' motion to dismiss is granted.

*James F. Holderman*